**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: THE MORNING STAR PACKING COMPANY, LP AND LIBERTY PACKING COMPANY, LLC, Crime Victims.

No. 13-71048

D.C. No. 2:10-cr-00061-LKK-1

THE MORNING STAR PACKING COMPANY, LP and LIBERTY PACKING COMPANY, LLC,
               *Petitioners*,

v.

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO,
               *Respondent*,

FREDERICK SCOTT SALYER,
    *Defendant-Real Party in Interest*,

UNITED STATES OF AMERICA,
    *Plaintiff-Real Party in Interest*.

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted March 27, 2013[*]

Filed March 29, 2013

Before:  Harry Pregerson, Susan P. Graber,
and Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

---

## SUMMARY[**]

### Criminal Law

Granting a petition for a writ of mandamus, the panel held that the district court erred in denying restitution under the Mandatory Victim Restitution Act to petitioners who asserted that they had been harmed as a result of the offenses for which a criminal defendant had been convicted.

The panel held that the district court committed legal error by relying on the defendant's claimed financial status and the potential availability of civil remedies.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel also stated that to the extent the denial of restitution rested on a determination that complex issues of fact would complicate or prolong the sentencing process, the record was unclear as to whether the district court conducted the required balancing test and determined from facts on the record that the burden on the sentencing process of determining restitution would outweigh the need to provide restitution to victims.

## COUNSEL

Dale Curtis Campbell & Brendan J. Begley, Weintraub Genshlea Chediak Tobin & Tobin Law Corporation, Sacramento, California, for Petitioners.

Elliot Remsen Peters, Brian L. Ferrall, Jo W. Golub, John Watkins Keker, & Justina K. Sessions, Keker & Van Nest LLP, San Francisco, California; Malcolm S. Segal, Segal & Kirby LLP, Sacramento, California, for Defendant-Real Party in Interest.

Jared C. Dolan & Benjamin B. Wagner, Assistant United States Attorneys, Office of the United States Attorney, Sacramento, California; Anna Tryon Pletcher, United States Department of Justice, Antitrust Division, San Francisco, California, for Plaintiff-Real Party in Interest.

**OPINION**

PER CURIAM:

This is a petition for a writ of mandamus filed pursuant to 18 U.S.C. § 3771, the Crime Victims' Rights Act ("CVRA").[1]

In reviewing CVRA mandamus petitions, we are required not to balance the factors outlined in *Bauman v. United States District Court*, 557 F.2d 650 (9th Cir. 1977). *See Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006). Rather, this court "must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error." *Id.*

On March 12, 2013, the district court denied restitution to petitioners and others who assert they have been harmed as a result of the offenses for which Frederick Scott Salyer has been convicted. Petitioners challenge this denial.

Petitioners sought restitution pursuant to the Mandatory Victim Restitution Act ("MVRA"). The MVRA provides restitution, *inter alia*, to victims of offenses against property, "including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii).[2] Under the MVRA, "the

---

[1] The government's ex parte motion to file its appendix under seal is granted. The appendix shall be filed under seal and shall not be available to any other parties to this petition.

[2] The MVRA further provides that "the term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal

court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Moreover, the alternative availability of recovery through a civil lawsuit is irrelevant in determining restitution under the MVRA. *See* 18 U.S.C. § 3664(f)(1)(B) ("In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution."); *see also United States v. Cienfuegos*, 462 F.3d 1160, 1168 (9th Cir. 2006) ("under the MVRA the availability of a civil suit can no longer be considered by the district court in deciding the amount of restitution").

On the other hand, the MVRA does not require an award of restitution in certain circumstances:

> [I]f the court finds, from facts on the record, that . . . determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

18 U.S.C. § 3663A(c)(3).

Here, a review of the record suggests that, in denying restitution, the district court relied, in part, on a determination

---

conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2).

that assessing restitution would be an unduly complex and time-consuming exercise. The record also shows, however, that in making that determination, the district court relied heavily on its conclusions that (1) Salyer would be financially unable to satisfy any restitution award and (2) the victims could pursue relief through civil actions.

We conclude that the district court committed legal error in denying restitution because of Salyer's claimed financial status and the potential availability of civil remedies. *See* 18 U.S.C. § 3664(f)(1)(A), (B); *see also Cienfuegos*, 462 F.3d at 1168. Further, to the extent that the district court's denial of restitution rested on a determination that complex issues of fact would complicate or prolong the sentencing process, the record is unclear as to whether the district court conducted the balancing test required by 18 U.S.C. § 3663A(c)(3) and determined "from facts on the record" that the burden on the sentencing process of determining restitution would outweigh the need to provide restitution to victims. *See* 18 U.S.C. § 3663A(c)(3).

Accordingly, the petition for a writ of mandamus pursuant to 18 U.S.C. § 3771 is granted. The district court shall vacate its March 14, 2013, judgment with respect to restitution and shall conduct further proceedings, consistent with this opinion, as necessary to determine whether to award restitution to any victims.

**GRANTED and REMANDED with instructions.**